PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY LEWIS, *et al.*, | ) | |
| | ) | CASE NO. 4:11CV2517 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ALLEGHENY LUDLUM | ) | |
| CORPORATION, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 20] |

This action is before the Court upon Defendants' Motion to Transfer Venue (ECF No. 20). The Court has reviewed the memorandum in support (ECF No. 21), affidavit of Susan Spencer (ECF No. 22), memorandum in opposition (ECF No. 62), and reply memorandum (ECF No. 63). The Court has also considered the oral arguments of counsel offered during the Motion Hearing held on December 16, 2011 and Plaintiffs' Post-Hearing Brief (ECF No. 64). For the reasons that follow, the Court grants the motion to transfer.

In June/July 2011, the United Steelworkers Union ("USW") and Defendant Allegheny Ludlum Corporation ("Allegheny Ludlum")[1] met in western Pennsylvania for negotiations as to the next collective bargaining agreement ("CBA") and plan documents for related health care benefits. Over objection by the retirees, the active employees approved the contract on August 6, 2011. Therefore, beginning January 1, 2012, pre-Medicare eligible retirees will be required to

---

[1] Both the union and the company are headquartered in Pittsburgh, Pennsylvania.

(4:11CV2517)

pay $130 per person per month/$260 per family per month with Medicare eligible retirees paying $100 per person per month/$200 per family per month, a more than 300% and 500% increase respectively. 2011 Proposed Settlement Agreement (ECF No. 2-20) at 6.

It was not until November 18, 2011, however, that this case was filed in the Northern District of Ohio on behalf of a putative class of retired union members and their surviving spouses who are currently enrolled in medical plans by virtue of separate agreements between the USW and Allegheny Ludlum,[2] which are referenced in each CBA. Plaintiffs argue in their Motion for Preliminary Injunction (ECF No. 2) that under previous CBAs, they received a vested benefit to a lifetime of free basic medical and later HMO coverage at no cost to them,[3] and that the implementation of retiree premium contributions in 2007 and 2011 constitute violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the National Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and the applicable plan documents and CBAs.

Defendants move the Court pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Western District of Pennsylvania for two primary reasons. First, based on current enrollment numbers, a mere 1% of the putative class members reside in Ohio. By contrast, 83% of these individuals reside in western Pennsylvania (3,439 of 4,195 individuals). *See* ECF No. 22 at ¶ 44

---

[2] The agreements relating to retiree health benefits are contained in documents entitled Program of Hospital-Medical Benefits for Eligible Pensioners and Surviving Spouses ("PHMBs"). Each PHMB is a Summary Plan Description for the actual agreement, which is set forth and attached as an addendum to each PHMB. *See* ECF No. 25-1 at ¶ 16.

[3] *See* ECF No. 58 at 3.

(4:11CV2517)

and ECF No. 22-3 at 2. Second, Plaintiffs have engaged in forum shopping simply in order to capitalize on a unique precedent in the Sixth Circuit (*i.e.*, *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Yard–Man, Inc.*, 716 F.2d 1476, 1482 (6th Cir.1983)).[4]

Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice. It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The following factors enter into a court's consideration of a motion for change of venue:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

*Roberts Metals v. Florida Properties Marketing*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* No. 93-1562, 1994 WL 84735 (Fed. Cir. March 14, 1994). Further, two additional factors that courts consider are plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92, n. 2. *See also Armco, Inc. v. Reliance National Insurance Company*, No. C-1-96-1149, 1997 WL 311474, at *4 (S.D.Ohio May 30, 1997) ("the balance need not be

---

[4] Under the "*Yard-Man* inference," intent to vest benefits that would otherwise be exempt from ERISA's vesting requirements can be inferred from specific language in the parties' agreements. When these circumstances are present such that the inference exists, the benefit vests in favor of the recipient and a unilateral decrease in these vested benefits would result in an ERISA violation. *Price v. Board of Trustees of Indiana Laborer's Pension Fund*, 632 F.3d 288, 292 (6th Cir. 2011). The Third Circuit has explicitly rejected the presumption enunciated in *Yard-Man* and presumes retiree medical benefits do not vest unless the "employer's commitment to vest such benefits … [is] stated in clear and express language." *International Union, United Auto., Aerospace & Agr. Implement Workers of America, U.A.W. v. Skinner Engine Co.*, 188 F.3d 130, 139 (3rd Cir. 1999).

3

(4:11CV2517)

'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer"); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982). The language of the statute also indicates that the Court has broad discretion in ruling on such motions. *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D.Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

In weighing the above relevant factors (particularly the presence of the overwhelming majority of potential class members), the Court holds that Defendants have met their burden of proving that transfer is appropriate. *See Schmid Laboratories, Inc. v. Hartford Acccident and Indem. Co.*, 654 F. Supp. 734, 736-37 (D.D.C. 1986) (ordering transfer and holding that plaintiffs engaged in forum shopping where there was no real factual relationship to the forum and plaintiffs were trying to capitalize on a unique favorable precedent). For the reasons that have been articulated in the memoranda providing the points and authorities on which Defendants rely in support of the motion,

Defendants' Motion to Transfer Venue (ECF No. 20) is granted. This Court determines that it will not rule on Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) with the following exception: In order to allow sufficient time for the Court to consider and enter a ruling on the motion and given the fact that it takes 60 to 90 days to change the pension check process, a Plaintiff or member of the proposed putative class who cannot pay what the increases are without undue hardship shall not have their health care benefits dropped between January 1, 2012 and when the motion is finally resolved.

(4:11CV2517)

This case, including Plaintiffs' pending motion, will be transferred to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

 December 21, 2011                           /s/ Benita Y. Pearson
Date                                  Benita Y. Pearson
                                      United States District Judge